IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, FLOR HERRERA-PICASSO, MINERVA FREEMAN, MAURA ACETO, JAVIER LIMON, ARMENTA EATON, JAMES ADAMS, LUCIANO GONZALES-VEGA, CHENITA JOHNSON, PAMLYN STUBBS, EARL JONES, ALLISON SHARI ALLEN, LAURA MCCLETTIE, NELDA LEON, GERMAN FR CASTRO, ALAN RENE OLIVIA CHAPELA, VIRGINIA KEOGH, and NATALEE NANETTE NIEVES, <br><br>        Plaintiffs, <br><br>vs. <br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting; SENATOR WARREN DANIEL, in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections; SENATOR RALPH E. HISE, JR., in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections; SENATOR PAUL NEWTON, in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections; REPRESENTATIVE TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives; SENATOR PHILIP E. BERGER, in his official capacity as President *Pro Tempore* of the North Carolina Senate; THE NORTH CAROLINA STATE BOARD OF ELECTIONS; ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections; JEFF CARMON III, in his official capacity as Member of the North Carolina State Board of Elections; | Case No. 1:23-cv-1057 <br><br><br>**MEMORANDUM IN SUPPORT OF LEGISLATIVE DEFENDANTS' MOTION TO CONSOLIDATE** |

| | |
|---|---|
| STACY EGGERS IV, in his official capacity as Member of the North Carolina State Board of Elections; KEVIN LEWIS, in his official capacity as Member of the North Carolina State Board of Elections; and SIOBHAN O'DUFFY MILLEN, in her official capacity as Member of the North Carolina State Board of Elections,<br><br>                     Defendants. | |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; COMMON CAUSE; MITZI REYNOLDS TURNER; DAWN DALY-MACK; HOLLIS BRIGGS; CORINE MACK; CALVIN JONES; JOAN CHAVIS; LINDA SUTTON; and SYENE JASMIN,<br><br>                     Plaintiffs,<br><br>   vs.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate; TIMOTHY MOORE, in his official capacity as the Speaker of the North Carolina House of Representatives; DESTIN HALL, in his official capacity as the Chair of the North Carolina House of Representatives Redistricting Committee; WARREN DANIEL, in his official capacity as Co-Chair of the North Carolina Senate Redistricting and Elections Committee; RALPH HISE, in his official capacity as Co-Chair of the North Carolina Senate Redistricting and Elections Committee; PAUL NEWTON, in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections; THE NORTH CAROLINA STATE BOARD OF ELECTIONS; ALAN HIRSCH, in his official capacity as the Chair of the State Board of Elections; JEFF CARMON, in his | Case No. 1:23-cv-1104<br><br>**MEMORANDUM IN SUPPORT OF LEGISLATIVE DEFENDANTS' MOTION TO CONSOLIDATE** |

official capacity as the Secretary of the State Board of Elections; STACY EGGERS, in his official capacity as a member of the State Board of Elections; KEVIN N. LEWIS, in his official capacity as a member of the State Board of Elections; SIOBHAN O'DUFFY MILLEN, in her official capacity as Member of the North Carolina State Board of Elections; KAREN BRINSON BELL, in her official capacity as the Executive Director of the State Board of Elections; THE STATE OF NORTH CAROLINA,

Defendants.

## INTRODUCTION AND STATEMENT OF THE NATURE OF THE MATTER

Two sets of Plaintiffs sued Legislative Defendants[1] and the North Carolina State Board of Elections ("NCSBE") and its members challenging the Congressional redistricting plan ratified by the North Carolina General Assembly in 2023. One set also challenged the state legislative plans also ratified in 2023. In both cases, Plaintiffs allege that the enacted plans constitute racial gerrymanders in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution. Because both cases raise constitutional challenges to North Carolina's 2023 districting plans, both cases have already been assigned to two different three-judge panels pursuant to 28 U.S.C. § 2284.

---

[1] Senator Philip E. Berger, in his official capacity as President *Pro Tempore* of the North Carolina Senate; Representative Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives; Representative Destin Hall, in his official capacity as Chair of the House Standing Committee on Redistricting; Senator Warren Daniel, in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections; Senator Ralph E. Hise, Jr., in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections; and Senator Paul Newton, in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections, are referred to collectively, the "Legislative Defendants."

3

Given how closely related the two sets of claims are, and the significant factual, legal, and party overlap between them, consolidation is warranted, appropriate, and indeed necessary for the administration of justice (and of elections in North Carolina). Both cases involve common questions of law and fact, and consolidation will avoid the substantial risk of inconsistent adjudication of those questions of law and fact, as well as burdensome and unnecessary duplication of costs and expense on the part of the parties. The elimination of duplicate work will also benefit judicial economy, allowing a single panel to decide the complex constitutional and statutory issues raised in these actions. Notably in that regard, Legislative Defendants have filed this motion to consolidate before any substantive proceedings have occurred in the two cases. Finally, Plaintiffs in the two cases will not suffer prejudice as a result of consolidation.

For these reasons, more fully set forth below, Legislative Defendants respectfully request that the two above-referenced actions be consolidated and assigned to a single three-judge panel for adjudication.

## STATEMENT OF FACTS

Plaintiffs in *Williams, et al. v. Hall, et al.*, No. 1:23-cv-1057 (the "*Williams* Plaintiffs") filed their Complaint on December 4, 2023. The *Williams* Plaintiffs only challenge North Carolina's 2023 Congressional Plan. They first contend that the 2023 versions of the First, Sixth, Twelfth, and Fourteenth Congressional Districts are unconstitutional gerrymanders that violate the Fourteenth Amendment. [*Williams* Compl., 1:23-cv-01057, D.E. 1, at 26-28 (Count I), 30 (Prayer for Relief)]. They also contend that

the entire 2023 Congressional Plan should be enjoined because it is based upon an intent to destroy so-called 'crossover' districts in violation of the Fourteenth and Fifteenth Amendments. [*Id.* at 28-30 (Count II), 30 (Prayer for Relief)]. Because the *Williams* Plaintiffs allege claims under the Fourteenth and Fifteenth Amendments, a three-judge panel for this case was appointed on December 15, 2023. [1:23-cv-1057, D.E. 11].

Similarly, Plaintiffs in *N.C. State Conference of the NAACP, et al. v. Berger, et al.*, No. 1:23-cv-1104 ("*NAACP* Plaintiffs") requested the appointment of a three-judge panel in their Complaint filed on December 19, 2023. [*NAACP* Compl., No. 1:23-cv-1104, D.E. 1, at ¶ 10]. Like the *Williams* Plaintiffs, the *NAACP* Plaintiffs contend that the 2023 Congressional Plan violates the Fourteenth and Fifteenth Amendments.[2] [*See id.* at 73–83]. But the *NAACP* Plaintiffs also allege similar claims of alleged racial discrimination related to the 2023 Senate Plan (N.C. Sess. Law 2023-146) and 2023 House Plan (N.C. Sess. Law 2023-149). The *NAACP* Plaintiffs' claims regarding legislative districts involve allegations of improper considerations of race in the formation of legislative districts located in some of the same areas of the state where the *Williams* Plaintiffs have challenged congressional districts. More specifically, the *NAACP* Plaintiffs argue that the following districts are the result of racial discrimination:

- Senate Districts 1 and 2, which are located in the northeastern part of the State[3], as allegedly violating Section 2 of the Voting Rights Act (Count 1);

---

[2] *NAACP* Plaintiffs also challenge CDs 1, 5, 6, 9, and 10 as allegedly violating Section 2 of the Voting Rights Act.
[3] SDs 1 and 2 contain the following Counties that are also in CD 1: Warren, Halifax, Northampton, Martin, Bertie, Hertford, Gates, Chowan, Washington, Tyrrell, Perquimans, Pasquotank, Camden, and Currituck Counties.

5

- Senate Districts 7 and 8, located in New Hanover County, as alleged racial gerrymanders in violation of the Fourteenth Amendment (Count 2);

- The entire 2023 Senate Plan as allegedly violating the Equal Protection Clause, Section 2 of the Voting Rights Act, and the Fourteenth and Fifteenth Amendments (Counts 3[4], 4, and 5);

- House Districts 4 (Wayne and Duplin), 5 (Hertford, Gates, Pasquotank, and Camden), 7 (Franklin and Vance), 10 (Wayne), 12 (Greene, Lenoir, and Jones), 24 (Wilson and Nash), 25 (Wilson), and 32 (Granville and Vance) as allegedly violating Section 2 of the Voting Rights Act (Count 6); and

- The entire 2023 House Plan as allegedly violating the Equal Protection Clause, Section 2 of the Voting Rights Act, and the Fourteenth and Fifteenth Amendments (Counts 7, 8, and 9).

[*See id.* at 73–83].

Because of the constitutional claims alleged by the *NAACP* Plaintiffs, on January 2, 2024, a three-judge panel was appointed in this case. [No. 1:23-cv-1104, D.E. 11]. The panel appointed to hear the *NAACP* litigation includes two of the same judges appointed to the three-judge panel in *Williams*.

## STATEMENT OF THE QUESTION PRESENTED

1. Should the *Williams* and *NAACP* cases be consolidated to be heard by the same three-judge panel?

---

[4] Though Count 3 is entitled "Malapportionment in Violation of the Fourteenth Amendment" and purports to seek to enjoin the 2023 Senate Plan, Plaintiffs claim an Equal Protection Clause issue because of population deviations in SDs 7, 8, and 38-42 and thus dilutes votes on the basis of race. *See Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018).

# ARGUMENT

## I. Legal Standard.

Rule 42(a) of the Federal Rules of Civil Procedure provides that when "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts have broad discretion under Fed. R. Civ. P. 42(a) to consolidate causes pending in the same district." *Pinehurst, Inc. v. Resort Air Servs., Inc.*, 476 F. Supp. 543, 559 (M.D.N.C. 1979). In exercising this discretion, courts weigh a number of factors. *See generally Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 192–93 (4th Cir. 1982). "Many of the reasons why cases should be consolidated include: (1) the possibility of inconsistent adjudication of common factual and legal issues; (2) unnecessary burden on parties and witnesses created by separate cases; (3) judicial economy; and (4) additional time requirement and expenses resulting from separate trials." *Pariseau v. Anodyne Healthcare Mgmt.*, No. 3:04-cv-630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006) (citing *Arnold*, 681 F.2d at 193; and *In re Cree, Inc., Securities Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003)). Factors that weigh against consolidation include: "(1) prejudice to parties; (2) juror confusion; and (3) additional time requirements and expenses resulting from consolidation." *Id.* Each of these factors support consolidation of the *Williams* and *NAACP* cases.

## II. The Risk of Inconsistent Adjudication of Common Factual and Legal Issues Support Consolidation.

Courts routinely consolidate cases involving similar or even different claims when the underlying factual or legal issues are similar. *See, e.g., Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193-94 (4th Cir. 1982) (finding the district court's consolidation of cases that had different causes of action, but which all arose from a single plane crash was proper and therefore no abuse of discretion in denying severance for trial); *Hanes Cos., Inc. v. Ronson*, 712 F. Supp. 1223, 1230 (M.D.N.C. 1988) (granting consolidation after plaintiff filed second action against new parties with considerably broader causes of action arising out of the same series of transactions as plaintiff's pending action); *In re Cree, Inc.*, 219 F.R.D. at 370 (consolidating nineteen purported class action suits involving securities claims); *SunTrust Mortg., Inc. v. Busby*, No. 2:09-cv-3, 2009 WL 1658484, at *2-3 (W.D.N.C. July 11, 2009) (consolidating cases involving separate bank loans to separate plaintiffs for different properties involving similar, but not identical, claims and counterclaims); *Conbraco Indus., Inc. v. Elmco & Assoc., Inc.*, No. 3:10-cv-87, 2010 WL 2775633, at *1-2 (W.D.N.C. July 13, 2010) (consolidating actions where two former employees worked for sister corporations and alleged separate contractual disputes with their former employers). As relevant here, where there are multiple concurrent lawsuits challenging a state's redistricting plans, federal courts commonly order consolidation under Fed. R. Civ. P. 42. *See, e.g., League of United Latin Am. Citizens v. Abbott,* No. EP-21-CV-259, 2021 WL 5417402 (W.D. Tex. Nov. 1, 2021) (granting motion to consolidate six actions challenging, variously, Texas's congressional and state legislative redistricting

8

plans under both racial-gerrymandering and VRA theories, and assigning one three-judge panel for all cases); *Robinson v. Ardoin,* 86 F.4th 574, 585 (5th Cir. 2023) (two actions challenging Louisiana's congressional plan under the VRA consolidated); *Petteway v. Galveston Cnty.,* No. 3:22-cv-57, 2023 WL 2782704, *1 (S.D. Tex. Mar. 30, 2023) (acknowledging consolidation of three cases bringing racial-gerrymandering and VRA challenges to county commissioners court plan); *Georgia State Conf. of the NAACP v. Georgia,* No. 1:21-cv-5338, 2023 WL 7093025, *1 (N.D. Ga. Oct. 26, 2023) (noting consolidation of two cases challenging Georgia congressional and legislative maps as racial gerrymanders and under the VRA, where three-judge panels had been appointed).

Here, consolidation of the *Williams* and *NAACP* cases is essential to avoid the risk of inconsistent adjudications of law and fact in these highly related actions. Both sets of Plaintiffs seek to enjoin the 2023 Congressional Plan, alleging that it discriminates against minority voters in violation of the Fourteenth and Fifteenth Amendments. [*See Williams* Compl., 1:23-cv-1057, D.E. 1 at 30, Prayer for Relief ¶¶c-d; *NAACP* Compl., 1:23-cv-1104, D.E. 1 at 86, Prayer for Relief ¶¶3-4]. The legislative record for both cases will be exactly the same, the same members of the General Assembly are Defendants in both matters, and the cases involve the same, or significantly similar, issues going to the design of the 2023 Congressional Plan and its impact(s) on minority voters. Further, both *Williams* and *NAACP* Plaintiffs seek a remedy declaring the 2023 Congressional Plan unconstitutional and enjoining its use in future elections. Having two different three-judge district courts adjudicating parallel challenges to the same 2023 Congressional Plan, with

9

all the attendant complex discovery, legal, and expert-witness issues that arise in these cases, creates enormous risk of inconsistent adjudications of questions of law and fact.

Though *Williams* Plaintiffs only challenge the 2023 Congressional Plan, *NAACP* Plaintiffs' claims related to the 2023 Senate and House Plans involves common legal and factual issues that overlap with the facts and legal issues concerning the 2023 Congressional Plan, which is challenged by both sets of Plaintiffs. *See Roanoke River Basin Ass'n v. Duke Energy Progress, LLC*, Nos. 1:16-cv-607, 1:17-cv-452, 2018 WL 11449626 (M.D.N.C. May 8, 2018) ("Consolidation is not barred simply because . . . there are some questions that are not common to all the actions; the critical consideration . . . is whether there is at least one common question of law or fact to justify bringing the actions together." (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2384 (3d ed. 2008))). The 2023 House and Senate Plans were adopted at about the same time as the 2023 Congressional Plan, by the same General Assembly, and many of the challenged 2023 House and Senate districts are located in some of the same areas as the challenged 2023 Congressional plan, such as the "Black Belt." The court in *Abbott*, supra, consolidated six different lawsuits challenging Texas's congressional and state legislative plans, even though two of the actions challenged just the congressional plan, one challenged just the Texas Senate plan, and some challenged both the congressional and state legislative plans. *See Abbott*, 2021 WL 5417402, *1. This Court should these two related actions, too.

Furthermore, a single resolution of the issues presented by these two cases is critical to the administration and enforcement of the 2023 Plans for future elections. Should the

10

Court reach inconsistent findings in *Williams* and *NAACP*, North Carolina voters will suffer uncertainty in which districts they reside in and potentially complicate the administration of elections. *See, e.g., Milligan v. Merrill*, 142 S. Ct. 879, 881-82 (2022) (Kavanaugh, J., concurring). Additionally, with two different panels, evidence, depositions, and trials, there is a risk that the two panels could reach different conclusions regarding liability in either the same districts, or in the same area of the state. This could leave Defendants in an untenable position of having competing orders on liability. For example, if one panel enjoins certain congressional districts but the other panel does not, appellate courts would have to determine which panel was correct on the law and facts—increasing the likelihood of delays, stays, and potential *Purcell* issues.

Both *Williams* and *NAACP* Plaintiffs requested, and thus consented to, appointment of a three-judge panel pursuant to 28 U.S.C. § 2284(a). This statute contemplates a single three-judge panel to adjudicate an action "challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 USC § 2284(a). The *Williams* and *NAACP* panels appointed by Chief Judge Diaz already share two of the same members: the Honorable Allison J. Rushing, Circuit Judge for the United States Court of Appeals for the Fourth Circuit, and the Honorable Richard E. Myers II, Chief Judge for the United States District Court for the Eastern District of North Carolina. Consolidating these matters to be heard by Judges Rushing, Myers, and either Judge Osteen or Judge Schroeder (both from the United States District Court for the

11

Middle District of North Carolina) disincentivizes forum shopping and decreases the likelihood of inconsistent adjudication of common issues of fact and law.

### III. Separate Cases Would Place Unnecessary Burdens on Parties and Witnesses.

Consolidation would also ease the burden on the parties and witnesses. Adjudication of racial gerrymandering and Section 2 claims require both sides to hire experts to complete detailed statistical analyses. Proceeding on two separate tracks with such substantially similar claims would unnecessarily burden Legislative Defendants as well as the State Board of Elections and its members—all of whom are Defendants in both cases—with overlapping and duplicative discovery and other obligations. And, most importantly, two separate cases could double the costs to the taxpayers of North Carolina for duplicative expert reports and testimony.

### IV. Judicial Economy Supports Consolidation.

Judicial economy also supports consolidation because the actions are brought against the same defendants, the same relief is sought, and it is highly likely that both actions will call for the same discovery and witnesses. *See Roanoke*, 2018 WL 11449626, at *3. This is a common phenomenon in redistricting litigation. *See supra*, § II (cataloguing cases where federal courts have consolidated parallel redistricting lawsuits).

One good, recent example of the benefit that can come from consolidation of closely related challenges to redistricting plans comes from Alabama. In *Singleton v. Milligan* (later *Allen v. Milligan*, 599 U.S. 1, 16 (2023)), a three-judge panel consolidated two cases involving challenges to Alabama's Congressional districts. *See Singleton v. Merrill*, 582 F.

12

Supp. 3d 924, 940–43 (N.D. Ala. Jan. 24, 2022). The first case, *Singleton v. Merrill*, No. 2:21-cv-1291-AMM, challenged the Congressional map solely on constitutional grounds. A second case, *Milligan v. Merrill*, Case No. 2:21-cv-1530-AMM, challenged the Congressional plan on constitutional grounds and under Section 2 of the Voting Rights Act ("VRA"). The court consolidated the matters as involving "a common question of law or fact" for the purposes of preliminary injunction proceedings. *Singleton v. Merrill*, No. 2:21-cv-1291-AMM, 2021 WL 5979497, *2 (N.D. Ala. Nov. 23, 2021) (quoting Fed. R. Civ. P. 42(a)).

The claims that supported consolidation of the *Singleton* and *Milligan* cases are identical to the claims alleged in these two cases. Here, both actions allege that the 2023 Congressional Plan intentionally discriminates against Black voters, while *NAACP* Plaintiffs also challenge the 2023 Plans under the VRA. As in *Singleton v. Merrill*, these matters should be consolidated and heard before a three-judge panel pursuant to 28 U.S.C. § 2284 because both cases involve constitutional challenges to overlapping Congressional districts. At a minimum, judicial economy supports at least consolidating these matters for the purposes of discovery or any preliminary injunction proceedings.

V.  **Plaintiffs Would Not Be Prejudiced.**

Plaintiffs would not be prejudiced by consolidation of these cases. Plaintiffs both sought the appointment of three-judge panels, and the Fourth Circuit has properly appointed three-judge panels to both cases. Consolidation would allow both sets of Plaintiffs to pool resources and allow discovery to proceed more efficiently. Both of these

13

cases can proceed under the same scheduling order that could allow Plaintiffs to obtain potential relief and seek appellate review, if necessary, before the 2026 General Elections. Furthermore, piecemeal litigation could greatly extend the life of both cases and result in divergent stays, appeals, or other conflicting orders that would add to the burden of all litigants. Efficient litigation of common questions of law and fact would not prejudice Plaintiffs.

## CONCLUSION

For the foregoing reasons, Legislative Defendants respectfully ask the Court to grant their Motion to Consolidate.

Respectfully submitted, this the 25th day of January, 2024.

| **BAKERHOSTETLER LLP** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
|---|---|
| | |
| Richard B. Raile** | By: /s/ Phillip J. Strach |
| DC Bar No. 1015689 | Phillip J. Strach |
| Katherine L. McKnight** | North Carolina State Bar no. 29456 |
| Trevor Stanley** | Thomas A. Farr |
| 1050 Connecticut Ave. NW | North Carolina State Bar no. 10871 |
| Suite 1100 | Alyssa M. Riggins |
| Washington DC 20036 | North Carolina State Bar no. 52366 |
| Ph: (202) 861-1500 | Cassie A. Holt |
| rraile@bakerlaw.com | North Carolina State Bar no. 56505 |
| kmcknight@bakerlaw.com | Alexandra M. Bradley |
| tstanley@bakerlaw.com | North Carolina State Bar no. 54872 |
| | 301 Hillsborough Street, Suite 1400 |
| Rachel Hooper** | Raleigh, North Carolina 27603 |
| Texas State Bar no. 24039102 | Ph: (919) 329-3800 |
| Tyler G. Doyle** | phil.strach@nelsonmullins.com |
| Texas State Bar no. 24072075 | tom.farr@nelsonmullins.com |
| 811 Main Street, Suite 1100 | alyssa.riggins@nelsonmullins.com |
| Houston, Texas 77002 | cassie.holt@nelsonmullins.com |
| Ph: (713) 751-1600 | alex.bradley@nelsonmullins.com |

rhooper@bakerlaw.com
tgdoyle@bakerlaw.com

Patrick T. Lewis**
Ohio State Bar no. 0078314
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Ph: (216) 621-0200
plewis@bakerlaw.com

** *Notice of Special Appearance Forthcoming*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d), I hereby certify that this brief contains 2968 words as counted by the word count feature of Microsoft Word.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:<u>/s/ Phillip J. Strach</u>
    Phillip J. Strach
    N.C. State Bar No. 29456

# CERTIFICATE OF SERVICE

I, Phillip J. Strach, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to counsel of record.

This the 25th day of January, 2024.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456