# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; COMMON CAUSE; MITZI REYNOLDS TURNER; DAWN DALY-MACK; HOLLIS BRIGGS; CORINE MACK; CALVIN JONES; JOAN CHAVIS; LINDA SUTTON; and SYENE JASMIN, | |
| *Plaintiffs*, | |
| v. | Case No. 1:23-cv-1104 |
| PHILIP BERGER, in his official capacity as President *Pro Tempore* of the North Carolina Senate; TIMOTHY MOORE, in his official capacity as Speaker of the North Carolina House of Representatives; DESTIN HALL, in his official capacity as Chair of the North Carolina House of Representatives Redistricting Committee; WARREN DANIEL, in his official capacity as Co-Chair of the North Carolina Senate Redistricting and Elections Committee; RALPH HISE, in his official capacity as Co-Chair of the North Carolina Senate Redistricting and Elections Committee; PAUL NEWTON, in his official capacity as Co-Chair of the North Carolina Senate Redistricting and Elections Committee; THE NORTH CAROLINA STATE BOARD OF ELECTIONS; ALAN HIRSCH, in his official capacity as Chair of the State Board of Elections; JEFF CARMON, in his official capacity as member of the | **ANSWER OF LEGISLATIVE DEFENDANTS** |

State Board of Elections; STACY
EGGERS, in his official capacity as
member of the State Board of Elections;
KEVIN N. LEWIS, in his official
capacity as member of the State Board of
Elections; SIOBHAN O'DUFFY
MILLEN, in her official capacity as
member of the North Carolina State
Board of Elections, KAREN BRINSON
BELL, in her official capacity as the
Executive Director of the State Board of
Elections; THE STATE OF NORTH
CAROLINA,

*Defendants*.

## ANSWER OF LEGISLATIVE DEFENDANTS

Defendants President Philip E. Berger, Speaker Timothy K. Moore, Representative Destin Hall, Senator Warren Daniel, Senator Ralph Hise, and Senator Paul Newton, each in their official capacities ("Legislative Defendants") answer the specific allegations of Plaintiffs' Complaint as follows:

1. Legislative Defendants deny the allegations of paragraph 1.

2. Legislative Defendants admit that the General Assembly enacted the 2023 Senate Plan (S.L 2023-146), 2023 House Plan (S.L. 2023-149), and the 2023 Congressional Plan (S.L. 2023-145) (together the "2023 Plans"). In all other respects, Legislative Defendants deny the allegations of paragraph 2.

2

3.     Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 3.

4.     Legislative Defendants deny the allegations of paragraph 4.

5.     Legislative Defendants deny the allegations of paragraph 5.

6.     Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 6.

7.     Legislative Defendants deny the allegations of paragraph 7.

**"JURISDICTION AND VENUE"**

8.     Legislative Defendants admit that the statutes cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 8.

9.     Legislative Defendants admit that this court has jurisdiction and that the statutes cited by the Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 9.

10.     Legislative Defendants admit that a three-judge court is required under the statutes cited by Plaintiffs and that those statutes speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 19.

11.     Legislative Defendants admit that the cited statutes speak for themselves and that the court has jurisdiction to grant declaratory relief. In all other respects, Legislative Defendants deny the allegations of paragraph 11.

12.      Legislative Defendants admit that the cited statutes speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 12.

13.     Legislative Defendants deny the allegations of paragraph 13.

## "PARTIES"

14.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations or paragraph 15.

16.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17.

18.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18,

19.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19.

20.    Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20.

21.    Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.

22.    Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22.

23.    Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24.    Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24,

25.    Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25.

26.    Legislative Defendants admit the allegations of paragraph 26.

27.    Legislative Defendants admit the allegations of paragraph 27.

28.    Legislative Defendants admit the allegations of paragraph 28.

29.    Legislative Defendants admit the allegations of paragraph 29.

30.    Legislative Defendants admit the allegations of paragraph 30.

31.    Legislative Defendants admit the allegations of paragraph 31.

32.    Legislative Defendants admit the allegations of paragraph 32.

33.    Legislative Defendants admit the allegations of paragraph 33.

34.     Legislative Defendants admit the allegations of paragraph 34.

35.     Legislative Defendants admit the allegations of paragraph 35.

36.     Legislative Defendants admit the allegations of paragraph 36.

37.     Legislative Defendants admit the allegations of paragraph 37.

38.     Legislative Defendants admit the allegations of paragraph 38.

## "STATEMENT OF FACTS

### I.      Redistricting Requirements in North Carolina"

39.     Legislative Defendants admit that the sections of the North Carolina Constitution cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 39.

40.     Legislative Defendants admit that the sections of the North Carolina Constitution cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 40.

41.     Legislative Defendants admit that the section of the North Carolina Constitution and the case cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 41.

42.     Legislative Defendants admit that the section of the North Carolina Constitution and cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 42.

43.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 43.

44.    Legislative Defendants admit that section 2 of the Voting Rights Act cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 44.

45.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 45.

46.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 46.

47.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 47.

48.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 48.

**"II. Discriminatory Redistricting in North Carolina."**

49. Legislative Defendants admit that the case and article cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 49.

50. Legislative Defendants deny the allegations of paragraph 50.

51. Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves and that Senator Rucho and Representative Lewis served as chairs of the House and Senate Redistricting committee following the release of the 2010 census data. In all other respects, Legislative Defendants deny the allegations of paragraph 51.

52. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 52.

53. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 53.

54. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 54.

55. Legislative Defendants admit that Senator Ralph Hise and Representative David Lewis served as chairs of their respective redistricting committees in 2017 and that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 55.

8

56.     Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 56.

57.     Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 57.

58.     Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 58.

59.     Legislative Defendants admit that following the *Covington* and *Cooper* decisions, challenges to redistricting plans enacted by the General Assembly based upon alleged partisan gerrymandering were made in state court. In all other respects, Legislative Defendants deny the allegations of paragraph 59.

60.     Legislative Defendants deny the allegations of paragraph 60.

61.     Legislative Defendants admit that the North Carolina Superior Court case cited by the Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 61.

62.     Legislative Defendants deny the allegations of paragraph 62.

63.     Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 63.

**"III.   Redistricting After Release of the 2020 Census."**

64.     Legislative Defendants admit the allegations of paragraph 64.

65.     Legislative Defendants deny the allegations of paragraph 65.

66.     Legislative Defendants admit that the case cited by Plaintiffs and the legislative record which includes redistricting criteria and recordings of House and Senate Committee proceedings speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 66.

67.     Legislative Defendants admit that the committee meetings of the House Redistricting Committee and the Senate Committee on Elections and Redistricting are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 67.

68.     Legislative Defendants admit that the joint committee record cited by Plaintiffs and the Amendment to Proposed Criteria, which are a matter of public record, speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 68.

69.     Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 69.

70.     Legislative Defendants deny the allegations of paragraph 70.

71.     Legislative Defendants deny the allegations of paragraph 71.

72.     Legislative Defendants admit that the hearing notices for the public hearings are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 72.

73. Legislative Defendants deny the allegations of paragraph 73.

74. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 74.

75. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of 75.

76. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 76.

77. Legislative Defendants admit that the 2021 Congressional and Legislative Plans were passed in November of 2021 and that the voting record is a matter of public record. In all other respects, Legislative Defendants deny the allegations of paragraph 77.

78. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 78.

79. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 79.

80. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 80.

81. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 81.

82. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 82.

83. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 83.

**"IV. The 2023 Redraw."**

84. Legislative Defendants admit that the order issued by the North Carolina Supreme Court and the cited press release speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 84.

85. Legislative Defendants deny the allegations of paragraph 85.

86. Legislative Defendants admit that the referenced notice, which is a matter of public record, speaks for itself. In all other respects, Legislative Defendants

87. Legislative Defendants deny the allegations of paragraph 87.

88. Legislative defendants admit that the public notices speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 88.

89. Legislative Defendants admit that the notices speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 89.

90. Legislative Defendants admit that House Bill 259 speaks for itself including its provision repealing N.C. Gen. Stat. § 120-133. In all other respects, Legislative Defendants deny the allegations of paragraph 90.

91. Legislative Defendants admit that the bill history of House Bill 259 is a matter of public record which speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 91.

92.    Legislative Defendants admit that "the 2023 Appropriations Act" speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 92.

93.    Legislative Defendants admit that on or about September 23, 2023, North Carolina posted a public comment portal for redistricting which speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 93.

94.    Legislative Defendants admit that the Joint Redistricting Committees received a letter on September 25, 2023 which speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 94.

95.    Legislative Defendants admit that the three public hearings scheduled throughout the state were recorded and those recordings and attendance where captured, is a matter of public record and speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 95.

96.    Legislative Defendants admit that the identity of the members of the House or Senate Redistricting Committees who attended the September 25 hearing, which was recorded, is a matter of public record. In all other respects, Legislative Defendants deny the allegations of paragraph 96.

97.    Legislative Defendants admit that the identity of the members of the House or Senate redistricting committees who attended the September 26 hearing, which was recorded, is a matter of public record. In all other respects, Legislative Defendants deny the allegations of paragraph 97.

98.     Legislative Defendants admit that the identity of the members of the House or Senate Redistricting Committees who attended the September 27 hearing, which was recorded, is a matter of public record which speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 98.

99.     Legislative Defendants admit that comments made at the "Three September Hearings" were recorded and are a matter of public record which speaks for themselves as does the case cited by Plaintiffs. In all other respects, Legislative Defendants deny the allegations of paragraph 99.

100.   Legislative Defendants admit that comments made in the September 25, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 100.

101.   Legislative Defendants admit that comments made in the September 26, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 101.

102.   Legislative Defendants admit that comments made in the September 27, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 102.

103.   Legislative Defendants admit that comments made in the September 27, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 103.

14

104.  Legislative Defendants admit that the comments at the three public hearings in September of 2023 speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 104.

105.  Legislative Defendants admit that comments made in the September 25, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 105.

106.  Legislative Defendants admit that comments made in the September 25, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 106.

107.  Legislative Defendants admit that comments made in the September 26, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 107.

108.  Legislative Defendants admit that comments made in the September 27, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 108.

109.  Legislative Defendants admit that comments made in the September 27, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 109.

110.   Legislative Defendants admit that comments made in the September 27, 2023 hearing are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 110.

111.   Legislative Defendants admit that the legislative history of Senate Bills 756, 757, and 758 speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 111.

112.   Legislative Defendants admit that the 2023 redistricting maps were drawn in accordance with all applicable laws. In all other respects, Legislative Defendants deny the allegations of paragraph 112.

113.   Legislative Defendants admit that they received a letter from the Southern Coalition for Social Justice("SCSJ") on or about October 22, 2023 and that the letter speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 113.

114.   Legislative Defendants admit that the October 22 letter and its attachments speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 114.

115.   Legislative Defendants admit that the October 22 letter and its attachments speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 115.

116.    Legislative Defendants admit that the October 22 letter and its attachments speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 116.

117.    Legislative Defendants admit that the October 22 letter and its attachments speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 117.

118.    Legislative Defendants deny the allegations of paragraph 118.

119.    Legislative Defendants admit that any amendments made in either committee or on the floor are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 119.

120.    Legislative Defendants admit that the 2023 plans were ratified on October 25, 2023, and that no public hearing was held by the General Assembly after initial proposed final versions of the 2023 maps were released to the public on October 18, 2023, but that the public portal remained open. In all other respects, Legislative Defendants deny the allegations of paragraph 120.

121.    Legislative Defendants admit that the 2023 Congressional Plan Criteria speak for themselves, and that the 2023 Congressional Plan followed the criteria. In all other respects, Legislative Defendants deny the allegations of paragraph 121.

122. Legislative Defendants admit that the 2023 Senate Plan Criteria speak for themselves, and that the 2023 Senate Plan followed the criteria. In all other respects, Legislative Defendants deny the allegations of paragraph 122.

123. Legislative Defendants admit the allegations of paragraph 123.

124. Legislative Defendants admit that the referenced document speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 124.

125. Legislative Defendants admit the allegations of paragraph 125.

126. Legislative Defendants deny the allegations of paragraph 126.

127. Legislative Defendants deny the allegations of paragraph 127.

128. Legislative Defendants deny the allegations of paragraph 128.

129. Legislative Defendants admit that statements by Senator Hise recorded at his deposition speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 129.

**"V.    The Enactment of the 2023 Plans Was Intentionally Delayed to Frustrate Judicial Review."**

130. Legislative Defendants admit that the press release from Speaker Moore speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 130.

131. Legislative Defendants admit that because of the lengthy legislative session with numerous competing priorities, including the budget, that hearings and committee

18

meetings pertaining to redistricting could not begin in the spring or summer of 2023. In all other respects, Legislative Defendants deny the allegations of paragraph 131.

132. Legislative Defendants deny the allegations of paragraph 132.

**"VI. The Discriminatory Harm to Black Voters in the 2023 Plans."**

133. Legislative Defendants deny the allegations of paragraph 133.

134. Legislative Defendants deny the allegations of paragraph 134.

135. Legislative Defendants deny the allegations of paragraph 135.

136. Legislative Defendants deny the allegations of paragraph 136.

137. Legislative Defendants deny the allegations of paragraph 137.

"A. <u>2023 Senate Plan</u>

North Carolina's Black Belt (Senate Districts 1 and 2)

138. Legislative Defendants deny the allegations of paragraph 138.

139. Legislative Defendants lack sufficient knowledge or information sufficient to form a belief about which counties are or should be included in the so-called "Black Belt" referenced by Plaintiffs. Legislative Defendants admit that the black voting age population ("BVAP") for the counties listed by Plaintiffs is a matter of public record. In all other respects, Legislative Defendants deny the allegations of paragraph 139.

140. Legislative Defendants admit that Pitt and Edgecombe County are included in the 2023 version of Senate District 5. Legislative Defendants also admit that the configurations for the 2023 versions of Senate Districts 1 and 2 are based upon the

19

requirements of *Stephenson v. Bartlett*, 562 S.E.2d 377 (N.C. 2002) ("*Stephenson I*"). Legislative Defendants lack knowledge or information sufficient to form a belief about which counties are or should be included in the so-called "Black Belt." In all other respects, Legislative Defendants deny the allegations of paragraph 140.

141. Legislative Defendants deny the allegations of paragraph 141.

142. Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 142.

143. Legislative Defendants deny the allegations of paragraph 143.

144. Legislative Defendants admit that the October 22 letter speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 144.

145. Legislative Defendants admit that the 2023 version of Senate District 5 which is a required *Stephenson* district, speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 145.

*"Wilmington area (Senate Districts 7 and 8)"*

146. Legislative Defendants deny the allegations of paragraph 146.

147. Legislative Defendants admit that Columbus, Brunswick, and New Hanover Counties fall within a county combination required by *Stephenson I*. In all other respects, Legislative Defendants deny the allegations of paragraph 146.

20

148. Legislative Defendants admit that the configuration of the 2023 version of Senate District 8 is a matter of public record and that it includes all of Columbus and Brunswick Counties and a portion of New Hanover County. In all other respects, Legislative Defendants deny the allegations of paragraph 148.

149. Legislative Defendants deny the allegations of paragraph 149.

150. Legislative Defendants admit that the population deviation for the 2023 version of Senate District 7 is -4.94% and that the population deviation for the 2023 version of Senate District 8 is +2.76%. In all other respects, Legislative Defendants deny the allegations of paragraph 150.

151. Legislative Defendants deny the allegations of paragraph 151.

152. Legislative Defendants deny the allegations of paragraph 152.

153. Legislative Defendants deny the allegations of paragraph 153.

*"Mecklenburg/Iredell Cluster (Senate District 42)"*

154. Legislative Defendants deny the allegations of paragraph 154.

155. Legislative Defendants admit that Iredell and Mecklenburg counties fall within a county combination required by *Stephenson I*. In all other respects, Legislative Defendants deny the allegations of paragraph 155.

156. Legislative Defendants deny the allegations of paragraph 156.

157. Legislative Defendants admit that Table 1 speaks for itself, but that without information regarding calculation method and tools, Legislative Defendants are without

21

sufficient knowledge to form a belief as to the correctness of these figures. In all other respects, deny the allegations of paragraph 157.

158.    Legislative Defendants admit that the population deviations for Senate Districts 38-42 in Table 1 of paragraph 157 speak for themselves, but that without information regarding calculation method and tools, Legislative Defendants are without sufficient knowledge to form a belief as to the correctness of these figures. In all other respects, Legislative Defendants deny the allegations of paragraph 158.

159.    Legislative Defendants admit that the shape of the 2023 version of Senate District 42 are a matter of public record. In all other respects, Legislative Defendants deny the allegations of paragraph 159.

160.    Legislative Defendants admit that the demographics and shape of the 2023 version of Senate District 42 are a matter of public record. In all other respects, Legislative Defendants deny the allegations of paragraph 160.

161.    Legislative Defendants deny the allegations of paragraph 161.

162.    Legislative Defendants deny the allegations of paragraph 162.

163.    Legislative Defendants deny the allegations of paragraph 163.

    "B.    2023 House Plan

*North Carolina's Black Belt (House Districts 4,5,7, 10, 12, 24, 25, 32)*"

164.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 164.

165.    Legislative Defendants admit that the county groups used in the 2023 House Plan comply with and are required by the criteria established by the North Carolina Supreme Court in *Stephenson I*. In all other respects, Legislative Defendants deny the allegations of paragraph 165.

166.    Legislative Defendants lack knowledge or information sufficient to form a belief about Plaintiffs' allegations that the county groups found in northeastern North Carolina "contain the whole of North Carolina's Black Belt." Legislative Defendants admit that the BVAP for the counties contained in the 2023 versions of Senate Districts 1 and 2 are a matter of public record which speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 166.

167.    Legislative Defendants deny the allegations of paragraph 167.

168.    Legislative Defendants admit that pursuant to the stat pack for SL 2023-149, which is a matter of public record, House District 23 has a BVAP of 53.41, House District 27 has a BVAP of 51.88, and House District 8 has a BVAP of 45.34%. In all other respects, Legislative Defendants deny the allegations of paragraph 168.

169.    Legislative Defendants deny the allegations of paragraph 169.

170.    Legislative Defendants deny the allegations of paragraph 170.

171.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 171.

23

172. Legislative Defendants deny the allegations of paragraph 172.

173. Legislative Defendants deny the allegations of paragraph 173.

"*Wake County*"

174. Legislative Defendants deny the allegations of paragraph 174.

175. Legislative Defendants admit that House District 11, 21, 33, 34, 35, 36, 37, 38, 39, 40, 41, 49, and 66 are located in Wake County, that Wake County is the largest county in North Carolina based upon total population, and that no county or county group contains more districts. In all other respects, Legislative Defendants deny the allegations of paragraph 175.

176. Legislative Defendants deny the allegations of paragraph 176.

177. Legislative Defendants admit that this paragraph purports to show a map of the 2023 House districts located in Wake County, and that Table 2 purports to list the BVAP percentage, total population, and population deviations for all Wake County House districts, and speak for themselves. However, because Legislative Defendants are without information regarding the calculation method and tools, for these tables, Legislative Defendants lack the information necessary to form a belief about the correctness of these figures. In all other respects, Legislative Defendants deny the allegations of paragraph 177.

178. Legislative Defendants admit that table 2 speaks for itself, but because Legislative Defendants are without information regarding the calculation method and tools, for this table, Legislative Defendants lack the information necessary to form a belief about

24

the correctness of these figures. In all other respects, Legislative Defendants deny the allegations of paragraph 178.

179. Legislative Defendants deny the allegations of paragraph 179.

180. Legislative Defendants deny the allegations of paragraph 180.

181. Legislative Defendants deny the allegations of paragraph 182.

"Forsyth-Stokes County"

182. Legislative Defendants deny the allegations of paragraph 182.

183. Legislative Defendants admit the allegations of paragraph 183.

184. Legislative Defendants admit that paragraph 184 purports to show a map of the 2023 versions of House Districts in Stokes and Forsyth County (Figure 8), that House Districts 71 and 72 are drawn within the City of Winston-Salem, and that the demographics for precincts included in these districts are a matter of public record which speaks for itself. However, because Legislative Defendants are without information regarding the calculation method and tools, for these tables, Legislative Defendants lack the information necessary to form a belief about the correctness of these figures. In all other respects, Legislative Defendants deny the allegations of paragraph 184.

185. Legislative Defendants admit that Table 3 purports to lists the BVAP percent, total population, and population deviations for House Districts 71-75 and House District 91. However, because Legislative Defendants are without information regarding the calculation method and tools, for these tables, Legislative Defendants lack the information

25

necessary to form a belief about the correctness of these figures. In all other respects, Legislative Defendants deny the allegations of paragraph 185.

186. Legislative Defendants deny the allegations of paragraph 186.

187. Legislative Defendants deny the allegations of paragraph 187.

188. Legislative Defendants deny the allegations of paragraph 188.

"C. 2023 Congressional Plan

North Carolina's Black Belt (Congressional District 1)"

189. Legislative Defendants deny the allegations of paragraph 189.

190. Legislative Defendants admit that North Carolina Congressional plans used from 1992 through 2022 included a portion of Pitt County in each version of Congressional District 1. In all other respects, Legislative Defendants deny the allegations of paragraph 190.

191. Legislative Defendants admit that Pitt County is not included in the 2023 version of Congressional District 1. Legislative Defendants lack knowledge or information sufficient to form a belief about which counties are included in the so-called Black Belt. Defendants also admit that Figure 9 speaks for itself, but because Legislative Defendants are unaware of the methods or tools used to create figure 9, Legislative Defendants lack information or knowledge to form a belief about its correctness. In all other respects, Legislative Defendants deny the allegations of paragraph 191.

192. Legislative Defendants deny the allegations of paragraph 192.

26

193.    Legislative Defendants deny the allegations of paragraph 193.

194.    Legislative Defendants deny the allegations of paragraph 194.

"*The Triad (Congressional Districts 5, 6, 9, and 10)*"

195.    Legislative Defendants deny the allegations of paragraph 195.

196.    Legislative Defendants deny the allegations of paragraph 196.

197.    Legislative Defendants deny the allegations of paragraph 197.

198.    Legislative Defendants deny the allegations of paragraph 198.

**"VII.  Defendants Cannot Claim Immunity from the Protections Afforded Black Voters Under the Voting Rights Act and the U.S. Constitution by Merely Claiming a Partisan Intent."**

199.    Legislative Defendants admit that the Voting Rights Act and the U.S. Constitution speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 199.

200.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 200.

**"VIII. The Totality of the Circumstances Shows that the 2023 Plans Will Deny Black Voters Equal Opportunity to Participate in the Political Process on Account of Race, Not Politics."**

201.    Legislative Defendants admit that there are no cases cited in Plaintiffs' allegation, but that all federal court decisions speak for themselves. Legislative Defendants admit that no federal court has recently found legally significant racially polarized voting

in North Carolina in recent years. In all other respects, Legislative Defendants deny the allegations of paragraph 201.

202. Legislative Defendants deny the allegations of paragraph 202.

203. Legislative Defendants admit that slavery and the Black codes were repugnant and discriminatory. In all other respects, Legislative Defendants deny the allegations of paragraph 203.

204. Legislative Defendants deny the allegations of paragraph 204.

205. Legislative Defendants lack knowledge or information sufficient to form a belief about which counties are included in the so-called Black Belt. Legislative Defendants admit that North Carolina has a past, but not recent, history of enacting laws against black residents that were discriminatory. In all other respects, Legislative Defendants deny the allegations of paragraph 205.

206. Legislative Defendants lack knowledge or information sufficient to form a belief the allegations of paragraph 206, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 206.

207. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 207, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 207.

208. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 208, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 208.

209. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 209, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 209.

210. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 210, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 210.

211. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 211, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 211.

212. Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 212.

213. Legislative Defendants deny the allegations of paragraph 213.

214. Legislative Defendants deny the allegations of paragraph 214.

215. Legislative Defendants deny the allegations of paragraph 215.

216. Legislative Defendants deny the allegations of paragraph 216.

217.    Legislative Defendants admit that North Carolina's historical election results speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 217.

218.    Legislative Defendants admit that three African Americans were elected to Congress in 2022. In all other respects, Legislative Defendants deny the allegations of paragraph 218.

219.    Legislative Defendants lack knowledge or information sufficient to form a belief about which counties are included in the so-called Black Belt. Legislative Defendants admit that the election results of the cited counties speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 219.

220.    Legislative Defendants admit that the election results of Guilford and Forsyth Counties speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 220.

221.    Legislative Defendants deny the allegations of paragraph 221.

222.    Legislative Defendants deny the allegations of paragraph 222.

223.    Legislative Defendants deny the allegations of paragraph 223.

224.    Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 224, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 224.

225. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 225, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 225.

226. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 226, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 226.

227. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 227, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 227.

228. Legislative Defendants deny the allegations of paragraph 228.

229. Legislative Defendants admit that the 2020 Census speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 229.

230. Legislative Defendants admit that the 2023 data from the U.S. Bureau of Labor Statistics speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 230.

231. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 231, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 231.

232. Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 232, which contains no citations. In all other respects, Legislative Defendants deny the allegations of paragraph 232.

233. Legislative Defendants deny the allegations of paragraph 233.

234. Legislative Defendants deny the allegations of paragraph 234.

235. Legislative Defendants deny the allegations of paragraph 235.

236. Legislative Defendants deny the allegations of paragraph 236.

237. Legislative Defendants deny the allegations of paragraph 237.

238. Legislative Defendants deny the allegations of paragraph 238.

239. Legislative Defendants deny the allegations of paragraph 239.

## "CLAIMS

### Count 1
### Discriminatory results in violation of § 2 of the Voting Rights Act:
### 2023 Senate Districts 1 & 2"

240. Legislative Defendants incorporate their responses to paragraphs 1-239 of Plaintiffs' complaint as if set forth fully herein.

241. Legislative Defendants admit that Section 2 of the Voting Rights Act speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 241.

242. Legislative Defendants admit that Section 2 speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 242.

243.    Legislative Defendants deny the allegations of paragraph 243.

244.    Legislative Defendants deny the allegations of paragraph 244.

245.    Legislative Defendants deny the allegations of paragraph 245.

246.    Legislative Defendants deny the allegations of paragraph 246.

247.    Legislative Defendants deny the allegations of paragraph 247.

248.    Legislative Defendants deny the allegations of paragraph 248.

## "<u>Count 2</u>
## Racial gerrymandering in violation of the Fourteenth Amendment:
## 2023 Senate Districts 7 & 8"

249.    Legislative Defendants incorporate their responses to paragraphs 1-248 of Plaintiffs' complaint as if set forth fully herein.

250.    Legislative Defendants deny the allegations of paragraph 250.

251.    Legislative Defendants deny the allegations of paragraph 251,

## "<u>Count 3</u>
## Malapportionment in Violation of the Fourteenth Amendment:
## 2023 Senate Plan"

252.    Legislative Defendants incorporate their responses to paragraphs 1-251 of Plaintiffs' complaint as if set forth fully herein.

253.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 253.

254.	Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respect, Legislative Defendants deny the allegations of paragraph 254.

255.	Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 255.

256.	Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 256.

257.	Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 257.

258.	Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegation of paragraph 258.

259.	Legislative Defendants deny the allegations of paragraph 259.

**"Count 4**
**Intentional vote dilution in violation of § 2 of the Voting Rights Act:**
**2023 Senate Plan"**

260.	Legislative Defendants incorporate their responses to paragraphs 1-259 of Plaintiffs' complaint as if set forth fully herein.

261.	Legislative Defendants deny the allegations of paragraph 261.

34

262.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 262.

263.    Legislative Defendants admit that the statutes and case cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 263.

**"Count 5**
**Intentional discrimination in violation of the Fourteenth and Fifteenth**
**Amendments: 2023 Senate plan"**

264.    Legislative Defendants incorporate their responses to paragraphs 1-263 of Plaintiffs' complaint as if set forth fully herein.

265.    Legislative Defendants deny the allegations of paragraph 265.

**"Count 6**
**Discriminatory Effects in violation of § 2 of the Voting Rights Act:**
**2023 House Districts 4, 5, 7, 10, 12, 24, 25, 32"**

266.    Legislative Defendants incorporate their responses to paragraphs 1-265 of Plaintiffs' complaint as if set forth fully herein.

267.    Legislative Defendants deny the allegations of paragraph 267.

268.    Legislative Defendants deny the allegations of paragraph 268.

269.    Legislative Defendants deny the allegations of paragraph 260.

270.    Legislative Defendants deny the allegations of paragraph 270.

35

271.    Legislative Defendants admit that the statutes and case cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 271.

**"Count 7**
**Malapportionment in Violation of the Fourteenth Amendment:**
**2023 House Plan"**

272.    Legislative Defendants incorporate their responses to paragraphs 1-271 of Plaintiffs' complaint as if set forth fully herein.

273.    Legislative Defendants deny the allegations of paragraph 273.

274.    Legislative Defendants deny the allegations of paragraph 274.

**"Count 8**
**Intentional vote dilution in violation of § 2 of the Voting Rights Act:**
**2023 House Plan"**

275.    Legislative Defendants incorporate their responses to paragraphs 1-274 of Plaintiffs' complaint as if set forth fully herein.

276.    Legislative Defendants deny the allegations of paragraph 276.

277.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 277.

278.    Legislative Defendants admit that the statute and case cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 278.

**"<u>Count 9</u>**
**Intentional discrimination in violation of the Fourteenth and Fifteenth**
**Amendments: 2023 House Plan"**

279.     Legislative Defendants incorporate their responses to paragraphs 1-278 of Plaintiffs' complaint as if set forth fully herein.

280.     Legislative Defendants deny the allegations of paragraph 280.

**"<u>Count 10</u>**
**Intentional vote dilution in violation of § 2 of the Voting Rights Act:**
**2023 Congressional District 1"**

281.     Legislative Defendants incorporate their responses to paragraphs 1-280 of Plaintiffs' complaint as if set forth fully herein.

282.     Legislative Defendants deny the allegations of paragraph 282.

283.     Legislative Defendants deny the allegations of paragraph 283.

284.     Legislative Defendants admit that the statutes and case cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 284.

**"<u>Count 11</u>**
**Intentional vote dilution in violation of § 2 of the Voting Rights Act:**
**2023 Congressional Districts 5, 6, 9, and 10"**

285.     Legislative Defendants incorporate their responses to paragraphs 1-284 of Plaintiffs' complaint as if set forth fully herein.

286.     Legislative Defendants deny the allegations of paragraph 286.

287.     Legislative Defendants deny the allegations of paragraph 287.

288. Legislative Defendants admit that the statutes and case cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 288.

### "Count 12
### Intentional discrimination in violation of the Fourteenth and Fifteenth Amendments: 2023 Congressional Plan"

289. Legislative Defendants incorporate their responses to paragraphs 1-288 of Plaintiffs' complaint as if set forth fully herein.

290. Legislative Defendants deny the allegations of paragraph 290.

### "PRAYER FOR RELIEF"

No response is required to the allegations in the Prayer for Relief. To the extent this Court requires a response, Legislative Defendants deny the allegations in the Prayer for Relief and deny Plaintiffs are entitled to any of the relief sought in the Complaint, including those items listed in sub-paragraphs 1-8 of the Prayer for Relief.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs Complaint, in whole or in part, fails state a claim upon which relief can be granted.

## SECOND DEFENSE

The relief sought by Plaintiffs would involve unconstitutional racial gerrymanders because they request districts in which racial considerations predominate over traditional districting criteria.

## THIRD DEFENSE

It would be inequitable to afford Plaintiffs relief so soon before the 2024 elections.

## FOURTH DEFENSE

Any allegations in paragraphs 1-290 of the Complaint not specifically admitted are denied.

## FIFTH DEFENSE

Race did not predominate in the drawing of any district.

## SIXTH DEFENSE

The General Assembly did not "crack" or "pack" minority voters in its Senate districting plan.

## PRAYER FOR RELIEF

WHEREFORE, Legislative Defendants respectfully request that the court enter an order dismissing Plaintiffs' claims with prejudice, and that Legislative Defendants be awarded their costs and attorneys' fees and such other relief as may be just and proper.

Respectfully submitted, this the 12th day of February, 2024.

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**


By: /s/ Phillip J. Strach
      Phillip J. Strach
      North Carolina State Bar no. 29456
      Thomas A. Farr
      North Carolina State Bar no. 10871
      Alyssa M. Riggins
      North Carolina State Bar no. 52366
      Cassie A. Holt
      North Carolina State Bar no. 56505
      Alexandra M. Bradley
      North Carolina State Bar no. 54872
      301 Hillsborough Street, Suite 1400
      Raleigh, North Carolina 27603
      Ph: (919) 329-3800
      phil.strach@nelsonmullins.com
      tom.farr@nelsonmullins.com
      alyssa.riggins@nelsonmullins.com
      cassie.holt@nelsonmullins.com
      alex.bradley@nelsonmullins.com

      E. Mark Braden*
      Katherine L. McKnight*
      Trevor Stanley*
      Richard B. Raile*
      BAKERHOSTETLER LLP
      1050 Connecticut Ave., N.W., Ste. 1100
      Washington, D.C. 20036
      (202) 861-1500
      mbraden@bakerlaw.com
      kmcknight@bakerlaw.com
      tstanley@bakerlaw.com
      rraile@bakerlaw.com

      *Counsel for Legislative Defendants*
      *\* Notice of Special Appearance forthcoming*

40

## CERTIFICATE OF SERVICE

I, Phillip J. Strach, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to counsel of record.

This the 12th day of February, 2024.

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456