IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, FLOR HERRERA-PICASSO, MINERVA FREEMAN, MAURA ACETO, JAVIER LIMON, ARMENTA EATON, JAMES ADAMS, LUCIANO GONZALEZ-VEGA, CHENITA JOHNSON, PAMLYN STUBBS, EARL JONES, ALLISON SHARI ALLEN, LAURA MCCLETTIE, NELDA LEON, GERMAN DE CASTRO, ALAN RENE OLIVA CHAPELA, VIRGINIA KEOGH, and NATALEE NANETTE NIEVES, <br><br>        Plaintiffs,<br><br>    v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, SENATOR WARREN DANIEL, in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections, SENATOR RALPH E. HISE, JR., in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections, SENATOR PAUL NEWTON, in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting and Elections, REPRESENTATIVE TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, SENATOR PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, THE NORTH CAROLINA STATE BOARD OF ELECTIONS, ALAN HIRSCH, in his | 1:23-CV-1057 |

official capacity as Chair of the North Carolina State Board of Elections, JEFF CARMON III, in his official capacity as Secretary of the North Carolina State Board of Elections, STACY EGGERS IV, in his official capacity as Member of the North Carolina State Board of Elections, KEVIN LEWIS, in his official capacity as Member of the North Carolina State Board of Elections, SIOBHAN O'DUFFY MILLEN, in her official capacity as Member of the North Carolina State Board of Elections,

        Defendants.

_____

NORTH CAROLINA STATE CONFERENCE OF THE NAACP, COMMON CAUSE, MITZI REYNOLDS TURNER, DAWN DALY-MACK, HOLLIS BRIGGS, CORINE MACK, CALVIN JONES, JOAN CHAVIS, LINDA SUTTON, and SYENE JASMIN,

        Plaintiffs,

        v.

PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, TIMOTHY MOORE, in his official capacity as the Speaker of the North Carolina House of Representatives, DESTIN HALL, in his official capacity as the Chair of the North Carolina House of Representatives Redistricting Committee, WARREN DANIEL, in his official capacity as Co-

1:23-CV-1104

| | |
|---|---|
| Chair of the North Carolina Senate Redistricting and Elections Committee, RALPH HISE, in his official capacity as Co-Chair of the North Carolina Senate Redistricting and Elections Committee, PAUL NEWTON, in his official capacity as Co-Chair of the North Carolina Senate Redistricting and Elections Committee, THE NORTH CAROLINA STATE BOARD OF ELECTIONS, ALAN HIRSCH, in his official capacity as the Chair of the State Board of Elections, JEFF CARMON, in his official capacity as the Secretary of the State Board of Elections, STACY EGGERS, in his official capacity as a member of the State Board of Elections, KEVIN N. LEWIS, in his official capacity as a member of the State Board of Elections, SIOBHAN O'DUFFY MILLEN, in her official capacity as a member of the State Board of Elections, KAREN BRINSON BELL, in her official capacity as the Executive Director of the State Board of Elections, THE STATE OF NORTH CAROLINA, <br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ORDER

These two actions pending in this court contain allegations that North Carolina's electoral maps are racially gerrymandered in violation of the U.S. Constitution and Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301(a) ("VRA"). Before the court are the motions to consolidate the cases filed by Defendants

3

Senator Philip E. Berger, Speaker Timothy K. Moore, Representative Destin Hall, Senator Warren Daniel, Senator Ralph E. Hise, Jr., and Senator Paul Newton ("Legislative Defendants"). (Williams Doc. 24; NAACP Doc. 28.)[1] Plaintiffs have responded in opposition (Williams Doc. 28; NAACP Doc. 32), and Legislative Defendants have replied (Williams Doc. 29; NAACP Doc. 33.)[2]

On December 4, 2023, Williams v. Hall, 1:23-CV-1057, was filed and subsequently assigned to Judge Thomas D. Schroeder. (Williams Doc. 1.) On December 15, 2023, Chief Judge Albert Diaz designated Judge Allison Jones Rushing of the United States Court of Appeals for the Fourth Circuit and Chief Judge Richard E. Myers II of United States District Court for the Eastern District of North Carolina to constitute the panel along with Judge Schroeder pursuant to 28 U.S.C § 2284. (Williams Doc. 11.) An amended complaint was filed on March 4, 2024, and the Williams Plaintiffs now plead three counts. (Williams Doc. 30.) Count one alleges racial gerrymandering as to North Carolina Congressional Districts ("CDs") 1, 6, 12, and 14 in violation of the Fourteenth Amendment. (Id. ¶¶ 127-37.) Count two alleges that North Carolina's

---

[1] Docket entry references are "Williams Doc. XX" for case number 1:23-CV-1057 and "NAACP Doc. XX" for case number 1:23-CV-1104. Legislative Defendants filed identical memoranda in support and in reply on both dockets. The court references only Legislative Defendants' briefing in case number 1:23-CV-1057 to avoid duplication.

[2] The North Carolina State Board of Elections has not stated a position on consolidation.

4

congressional map was adopted with racially discriminatory intent in violation of the Fourteenth and Fifteenth Amendments.  (Id. ¶¶ 128-38.)  Count three alleges vote dilution as to CDs 1, 6, 12, and 14 in violation of Section 2 of the VRA.  (Id. ¶¶ 139-55.)

On December 19, 2023, North Carolina State Conference of the NAACP v. Berger, 1:23-CV-1104, was filed and subsequently assigned to Judge William L. Osteen, Jr.  (NAACP Doc. 1.)  On January 2, 2024, Chief Judge Albert Diaz assigned Judge Rushing and Chief Judge Myers to constitute the panel in this case along with Judge Osteen pursuant to 28 U.S.C § 2284.  (NAACP Doc. 11.)  The NAACP Plaintiffs bring twelve total counts:

- Discriminatory results in violation of Section 2 of the VRA as to North Carolina Senate Districts ("SDs") 1 and 2 (count 1) and discriminatory effects in violation of the same as to North Carolina House of Representatives Districts ("HDs") 4, 5, 7, 10, 12, 24, 25, and 32 (count 6);
- Intentional vote dilution in violation of Section 2 of the VRA as to the State Senate and State House of Representatives maps (counts 4 and 8), and CDs 1, 5, 6, 9 and 10 (counts 10 and 11);
- Malapportionment in violation of the Fourteenth Amendment as to SDs 7, 8, 38, 39, 40, 41, and 42 (count 3), and HDs 27, 28, 29, 30, 31, 32, 33, 34, 71, 72, 74, 75, and 91 (count 7);
- Intentional discrimination in violation of the Fourteenth and

5

Fifteenth Amendments as to the State Senate map (count 5), State House map (count 9), and congressional map (count 12); and

- Racial gerrymandering in violation of the Fourteenth Amendment as to SDs 7 and 8 (count 2).

(NAACP Doc. 1 ¶¶ 240-90.)

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, when "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In exercising its broad discretion to consolidate cases, a court may consider whether "the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982); Hall v. Hall, 584 U.S. 59, 77 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases.").

Here, Legislative Defendants argue that consolidation is

6

"essential" to avoid inconsistent adjudications (Williams Doc. 25 at 9), that the cases "involve[] common legal and factual issues" (id. at 10), that a "single resolution of the issues presented by these two cases is critical to the administration and enforcement" of the electoral maps in future elections (id.), and that consolidation would reduce burdens on the parties, witnesses, and the court (id. at 12-13).

In response, the Williams Plaintiffs contend that consolidation would add "substantial, unnecessary expense to litigating their claims." (Williams Doc. 28 at 3.) In particular, they point to the NAACP complaint's broader scope — namely, its malapportionment claims and claims regarding the State Senate and House maps. (Id.) They also aver that the risk of inconsistent adjudications is overstated. (Id. at 6.) The NAACP Plaintiffs likewise contend that their complaint is considerably broader than that of the Williams Plaintiffs. (Doc. 32 at 12.) Further, they argue that consolidation could imperil their goal of obtaining relief ahead of the 2026 election. (Id. at 20.) Both suggest that the parties are prepared to coordinate discovery in lieu of consolidation to the extent there are overlapping issues. (Williams Doc. 28 at 4; NAACP Doc. 32 at 19-20.)

Having carefully considered the parties' arguments, the court will exercise its discretion to consolidate these two actions for all purposes, as there are common issues of fact and law between

7

them. Fed. R. Civ. P. 42(a). While the NAACP action is broader and challenges the North Carolina General Assembly's maps, the two cases have common issues of fact and law regarding the congressional maps — made even more common by the recent addition of a VRA claim in Williams. (See Doc. 30 ¶¶ 149-55.) Indeed, both actions include similar constitutional claims as to the congressional map and VRA claims as to certain congressional districts. Though the Williams Plaintiffs list CDs 1, 6, 12, and 14 and the NAACP Plaintiffs list CDs 1, 5, 6, 9, and 10 for the VRA claims, the common issues of law and substantially overlapping issues of fact justify consolidation here.

Further, consolidation will promote judicial economy and reduce the burden on the parties as a whole by avoiding duplication of effort. In re Cree, Inc., Sec. Litig., 219 F.R.D. 369, 371 (M.D.N.C. 2003) (considering imposition of burden "on all parties, witnesses, and judicial resources" if cases were maintained separately). This is especially true in these three-judge panel cases where duplication of effort by the court would be magnified. Moreover, consolidation would reduce the risk, if any, of inconsistent adjudications.

Plaintiffs' concerns about the potential burden of coordinating discovery and the presentation of evidence unrelated to their claims are overstated. Any claim of increased cost of coordinated discovery is mitigated by Plaintiffs' willingness to

8

coordinate discovery notwithstanding consolidation. (Williams Doc. 28 at 4; NAACP Doc. 32 at 19-20.) Moreover, the court is empowered to streamline briefing and the presentation of evidence in an efficient manner to avoid prejudicing the parties as the litigation proceeds. See, e.g., LULAC v. Abbott, 3:21-CV-259, Consolidation Order at Docket Entry 16 (W.D. Tex. Nov. 19, 2021); Ga. State Conf. of the NAACP v. Georgia, 1:21-CV-5338, Consolidation Order at Docket Entry 40 (N.D. Ga. Feb. 3, 2022); see also Hall, 584 U.S. at 67 (describing consolidation as "enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them").

Only one assigned judge on each three-judge panel differs. Consistent with this court's local practice, the court will reassign the NAACP case to Judge Schroeder, who is the judge presiding over the earlier-filed Williams case. Fed. R. Civ. P. 42(a) (permitting consolidation of action "before the court"); 8 Moore's Federal Practice § 42.11 (3d ed. 2023) ("Matters are 'before the court' when they are subject to the managerial power of a single district judge.").

For the reasons stated, therefore,

IT IS ORDERED that North Carolina State Conference of the NAACP, et al. v. Berger, et al., 1:23-CV-1104 is REASSIGNED from Judge William L. Osteen, Jr. to Judge Thomas D. Schroeder. Judges

9

Rushing and Myers remain as designated judges by the Chief Circuit Judge.

IT IS FURTHER ORDERED that <u>Williams, et al. v. Hall, et al.</u>, 1:23-CV-1057 and <u>North Carolina State Conference of the NAACP, et al. v. Berger, et al.</u>, 1:23-CV-1104 are CONSOLIDATED for all purposes, including discovery and trial.  The three-judge panel is Judge Allison Jones Rushing, Chief Judge Richard E. Myers II, and Judge Thomas D. Schroeder.  All future pleadings, motions, and other documents shall be filed with the double caption and filed on the docket in case number 1:23-CV-1057.

<u>   /s/   Allison J. Rushing</u>
United States Circuit Judge
FOR THE COURT

March 18, 2024