# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1104 |

## NAACP PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER OVER THE IDENTITIES OF NON-PARTY MEMBERS OF THE ORGANIZATIONAL PLAINTIFFS

Pursuant to Federal Rule of Civil Procedure 26, Plaintiffs North Carolina State Conference of the NAACP, Common Cause, Mitzi Reynolds Turner, Dawn Daly-Mack, Hollis Briggs, Corine Mack, Calvin Jones, Linda Sutton, and Syene Jasmin (collectively, "NAACP Plaintiffs"), by and through their undersigned counsel, respectfully request a protective order providing that NAACP Plaintiffs need not respond to Legislative Defendants' Request in Interrogatory No. 4 for the identities of the non-party members of the Organizational Plaintiffs living in each challenged Congressional, state Senate, and state House districts. In support of this motion, NAACP Plaintiffs show as follows:

1. Discovery opened in this matter by agreement of the parties on April 22, 2024. Legislative Defendants issued their first discovery requests to NAACP Plaintiffs seven weeks later, on June 11, 2024, to which NAACP Plaintiffs responded on July 11 and 12, 2024.

2. Among their requests, Legislative Defendants included in Interrogatory Request 4 on Plaintiffs North Carolina NAACP and Common Cause the identities of the "members of your organization living in each challenged Congressional, state Senate, and state House district whose standing you will assert and the corresponding district(s) in which they reside."

3. In responding to this address, NAACP Plaintiffs asserted the specific districts and counties in which North Carolina NAACP and Common Cause had identified members who were registered voters and self-identified as Black or African American. NAACP Plaintiffs also asserted that the names of these

2

individuals are protected associational information under the First Amendment. NAACP Plaintiffs also conveyed a willingness to meet and confer on this issue.

4. Eight weeks later, on September 5, 2024, Legislative Defendants sent a discovery letter disputing NAACP Plaintiffs' assertions of First Amendment privilege, to which NAACP Plaintiffs responded on September 20. In their response, NAACP Plaintiffs offered to provide evidentiary support to establish that specific organizational members were identified by furnishing declarations from organizational representatives, who had not yet been noticed for a deposition in the matter by Legislative Defendants.

5. The parties met to confer on the issue on September 26, 2024. In this conference, Legislative Defendants asserted an intent to depose the specific non-party members of the North Carolina NAACP and Common Cause to question them about standing as well as any matter relevant to the case. NAACP Plaintiffs offered to instead provide voting records for these individuals, identifying their registration status, voting districts, and self-identified race but redacted of personally identifying information. This proposal was also provided in writing on October 2, 2024, in a final offer to resolve this issue before seeking direction from the Court.

6. Legislative Defendants have declined that offer, indicating they would continue to dispute the assertions of First Amendment privilege at future stages of the case in addition to seeking other relief, including a delay of trial. Legislative Defendants have also indicated a belief that they will be prejudiced if they are

not provided specific member identities on or before October 4, 2024, an assertion NAACP Plaintiffs dispute.

7. Following the parties' meet-and-confer efforts, they are currently at an impasse as to whether non-party member identities must be disclosed notwithstanding the First Amendment privilege asserted over this information and the other evidence available to establish and test associational standing. The parties also are at an impasse as to whether those non-party members, if forced to be disclosed, may then be deposed in this matter and to what extent.

8. The NAACP Plaintiffs seek a protective order over the names and identifying information for non-party members of the North Carolina NAACP and Common Cause who reside in challenged districts but who have not otherwise been noticed as witnesses or parties in this action. The First Amendment squarely protects membership information such as this, as made clear by the Supreme Court. *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958).

9. NAACP Plaintiffs have provided declarations from organizational representatives describing their identification of members that provide a basis for associational standing in specific districts and counties at issue in this matter. NAACP Plaintiffs have also offered to provide the voting records for these individuals, redacted of personal information.

10. To date, Legislative Defendants have failed to depose, or even notice a deposition, for either organization to make an inquiry into this information and basis for standing. Instead, Legislative Defendants seek to depose non-party

4

members directly, an unprecedented request that would unnecessarily impose on non-party individuals financial and logistical burdens of the legal process in a case in which they are not a party.

11. Legislative Defendants' request to identify and depose non-party organizational members in this case would severely chill First Amendment-protected associational activities in this state. It would disincentivize engagement by individuals with the plaintiff organizations (and, perhaps, any organization engaged in legal challenges to government activity in this state), thus harming their ability to retain and recruit new members and, by extension, to achieve organizational objectives. The chilling impact of what Legislative Defendants ask for cannot be understated and must be denied.

12. In further support of its motion, the NAACP Plaintiffs rely on the Declaration of Hilary Harris Klein and its exhibits as well as the supporting Memorandum of Law, filed concomitantly with this Motion.

Based on the foregoing, and for the reasons set forth in the accompanying Memorandum of Law, NAACP Plaintiffs respectfully request that the Court enter a protective order providing that NAACP Plaintiffs need not provide the names (or other personally identifying information) of non-party members of the Organizational Plaintiffs in response to Legislative Defendants' Request for Interrogatory No. 4, that non-party members of the Organizational Plaintiffs who are not otherwise disclosed as witnesses in this matter may not be deposed, and to grant such other relief as it deems necessary and appropriate.

Dated: October 4, 2024

Respectfully submitted,

    */s/ Hilary Harris Klein*
    Hilary Harris Klein

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
olivia.molodanof@hoganlovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special Appearance pursuant to L-R 83.1(d)

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
Lily Talerman (State Bar #61131)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org
lily@scsj.org

# CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 37.1, I certify that after consultation and diligent attempts to resolve differences, the parties are unable to reach an accord as to the issues in dispute in this Motion for Protective Order as to Legislative Defendants' Interrogatory Request for the Identities of Non-party Members of the Organizational Plaintiffs. Counsel for the parties held a telephonic meet-and-confer on September 26, 2024, in which counsel for NAACP Plaintiffs (Hilary Harris Klein, Madeleine Bech) and Counsel for Legislative Defendants (Katherine McKnight, Erika Prouty, and Cassie Holt) were present, and no resolution was reached. The parties also exchanged correspondence on this issue between September 27 and October 4, 2024, without coming to an agreed resolution of this matter.

/s/ Hilary Harris Klein
Hilary Harris Klein

# CERTIFICATE OF SERVICE

I certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Hilary Harris Klein
Hilary Harris Klein